UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV29-3-V
(5:01cr4-1-V)

| | |
|---|---|
| ROBBY TRUMAN SHERRILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed February 16, 2006, (Document No. 2) and Petitioner's "Response as to Why his Motion Should Not Be Barred Under Rule 9" (Document No.2.)

## I. Factual and Procedural Background

A review of the record reflects that on April 17, 2002 Petitioner pled guilty to one count of possession with intent to distribute a quantity of cocaine base and was sentenced to 120 months imprisonment . Petitioner did not file a direct appeal.

On February 16, 2006 Petitioner filed the instant Motion to Vacate conceding that his motion is untimely but asking that this Court allow him to file this late motion because as a pro se litigant, he could not have discovered the issues complained of within the one-year limitation

1

period under the Antiterrorism and Effective Death Penalty Act (the "AEDPA" )[1]. In his Motion, Petitioner states that his first attorney was disbarred prior to his sentencing and his second attorney was ineffective at his sentencing because he failed to discover that Petitioner was eligible for the safety valve as he met all five of the criteria set out in 18 U.S.C. §3553(f).

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] 1. In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or Motion to Vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Here, Petitioner provided an explanation as to why his petition is late. Accordingly, given the fact that the Petitioner has attempted to address the timeliness of his Motion to Vacate – albeit unsuccessfully – the Court concludes that it need not provide the Petitioner with any additional notice in this matter.

28 U.S.C. § 2255.

For the purposes of the limitations period of § 2255 when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered. Petitioner did not appeal his judgment and conviction to the Fourth Circuit Court of Appeal. Judgment was entered against him in this Court on May 20, 2002. Therefore, his conviction became final on or about May 30, 2002. Petitioner had until May 30, 2003 to file his § 2255 petition. However, Petitioner did not file his § 2255 petition until February 16, 2006, almost three years too late.

Petitioner argues that he is a pro se litigant with little education and that he totally relied upon his attorneys. Only after relaying to his fellow inmates that his first attorney was disbarred, did another inmate help him look into the sentence he received in this case. It was with the help of this fellow inmate that Petitioner learned that he was eligible for the safety valve provision. Based on this late discovery, Petitioner contends that 2255(4) should be applied to his case and that the one year period of limitations should start on the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. In other words, the one year period of limitations should run from October 2005, when his fellow inmate helped his research the law and when they discovered that Petitioner would have qualified for the safety valve provision. For these reasons, Petitioner asks this Court allow him to file this late motion.

The short response is to note that Petitioner filed the instant Motion to Vacate almost three years too late and his stated reason for doing so does not invoke 2255(4) or justify equitable tolling.

In <u>United States v. Prescott</u>, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while

§ 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner basically claims that because he is pro se with very little education, he could not have discovered the claims raised in his Petition before the AEDPA one-year period. Applying the above cited test to Petitioners particular situation, Petitioner fails to establish that simply being pro se with little education qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

For the foregoing reasons, this Court concludes that Petitioner's February 16, 2006

Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be <u>dismissed</u>.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is <u>dismissed</u> as untimely.

**SO ORDERED.**

Signed: February 23, 2006

Richard L. Voorhees
Chief United States District Judge